IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

-v-

DAVID WASHINGTON,
                Defendant.

_____

**DECLARATION OF
MARK A. FOTI, ESQ.**
24-cr-00044-RJA-HKS

I, Mark A. Foti, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that:

    1.    I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York.

    2.    I represent the defendant, David Washington (hereafter "Mr. Washington" or "the defendant"), on the criminal charges pending against him in the Western District of New of New York, including the above captioned charges, case no. 24-cr-00044.

    3.    I make this Declaration in support of the relief listed in the Notice of Motion.

    4.    The assertions of facts are based on personal knowledge, and upon information and belief, including my discussions with Mr. Washington, the AUSA assigned to this matter, and the attorneys representing the co-defendants. It is also based on review of discovery and other materials relevant to the factual allegations in this case.

    5.    The contents of this declaration are outlined in the table of contents on the following page.

# **TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................. 3

II. MOTIONS RELATED TO 172 KENVIEW ..................................................................... 4

    A. Motion for Rule 12 Notice Regarding 172 Kenview ............................................... 5

    B. Motion for Disclosure of Search Warrant Application ....................................... 6

    C. Motion for Leave to File Further Motions Regarding 172 Kenview .................. 7

III. MOTION FOR DISCLOSURE OF GRAND JURY MINUTES ................................. 7

IV. NON-DISPOSITIVE MOTIONS .................................................................................. 8

    A. Discovery .................................................................................................................. 8

    B. Preservation of Rough Notes ................................................................................ 11

    C. Identification of Witnesses ................................................................................... 11

    D. Jencks Material ..................................................................................................... 15

    E. Preclusion Of Statements Offered Pursuant to Fed. R. Evid. 801(D)(2)(E) ...... 16

    F. Pretrial Notices Pursuant to Fed. R. Evid. 404, 608 & 609 ................................ 18

V. LEAVE TO FILE REPLY BRIEFS AND FURTHER MOTIONS ............................. 19

## I. BACKGROUND

6. On March 26, 2024, David Washington was charged in an unsealed indictment, along with Devante Nance and Torrance Bailey. Dkt. # 1.

7. Since the arraignment, a protective order was issued that limited to review of certain discovery to "attorneys' eyes only, absent further order from the Court" Dkt. # 8 at 2. The referenced material was reviewed at the US Attorney's Office on April 10, 2024.

8. On April 26, 2024, I was contacted via email by the government, advising me that data had been extracted from Mr. Washington's cellular telephone and the government would have another member of the US Attorney's Office review the material to filter any potentially privileged information before the extracted data goes to the investigation or prosecution team.

9. On May 10, 2024, additional discovery was made available for download, including: (1) CPS lab files; (2) search warrants; and (3) material identified as being specific to David Washington related to 172 Kenview.

10. The cover letter associated with the May 10, 2024, disclosure stated "Iphone 7 (Seized from Washington at time of arrest): No Extraction obtained, Phone remains locked." Thus, the discovery made available to Mr. Washington did not contain any cellular extractions.

11. The government has indicated that it has no opposition to the material in the May 10, 2024, disclosure being discussed with the defendants, but the material reviewed on April 26, 2024, remains subject to the terms of a protective order.

12. Because the content of the material reviewed on April 26, 2024, may have some bearing on motions contained herein, the defendant is filing a motion to seal a Supplemental Declaration to provide additional background information relevant to these motions.

## II.   MOTIONS RELATED TO 172 KENVIEW

13. At the time he was indicted, Mr. Washington was released on conditions in a different case which included home incarceration. Case no. 20-cr-00029, Dkt. # 620.

14. Mr. Washington's home incarceration was restricted to remaining at 172 Kenview, unless granted permission to leave for a specific purpose by the Court or Probation. There should be no issue of fact related to his residency at that location.

15. Under the facts of this case, an affidavit of standing is a pointless endeavor, but Mr. Washington will provide an affidavit if required to do so in conjunction with a motion to suppress.

16. A decision regarding whether to pursue a motion to suppress is dependent on (1) what evidence, if any, the government intends to offer based on the search of that location; and (2) whether review of the search warrant application and additional

information provide grounds to challenge the warrant. Thus, the defendant makes the following three motions as it relates to 172 Kenview.

### A. Motion for Rule 12 Notice Regarding 172 Kenview

17. In regard to 172 Kenview, the search and seizure warrant directed that the officer executing the warrant "must prepare an inventory as required by law and promptly return this warrant and inventory to" this Court.

18. The Inventory Return was provided in the May 10, 2024 Discovery Disclosure. It lists two items seized as evidence: (1) a 3d printer; and (2) a key.

19. It is unclear what, if any, evidence the government intends to offer from 172 Kenview, but it is respectfully requested that this Court direct the government to identify what evidence was obtained from 172 Kenview that it intends to use in its case-in-chief.

20. Assuming the government only intends to offer evidence of a 3d printer and a key, then the defendant may opt not to file motions to suppress.

21. The Federal Rules of Criminal Procedure establish a procedure for notifying a defendant of the government's intention to use certain evidence at trial. The express purpose of this procedure is to afford an opportunity for submission of pre-trial motions seeking the suppression of such evidence. Fed. R. Crim. P. 12(b)(1) & (2).

22. Specifically, Rule 12(b)(4)(B) provides that at the defendant's request, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), he

may request notice of the government's intent to use any evidence that the defendant may be entitled to discover under Rule 16.

23. In regard to 172 Kenview, the Inventory Return suggests that the evidence seized as relevant to this case was limited to the 3d printer and the key. It is not clear whether either of those items would actually be relevant at trial. If the government intends to admit those items, and that is the entirety of suppressible evidence seized from 172 Kenview, the defendant will likely opt to avoid litigating a suppression issue, even if the grounds exist to do so.

24. Thus, in order to have an opportunity to decide whether to move to suppress evidence under Fed. R. Crim. P. 12(b)(3)(C), the defendant requests notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16. See Fed. R. Crim. P. 12(b)(4)(B).

### B. Motion for Disclosure of Search Warrant Application

25. In regard to 172 Kenview, the government has provided some discovery, but the defense has not been provided with the search warrant application which was used to obtain authorization to search the residence and seize evidence from the location.

26. Without being able to review the search warrant application, it is impossible to determine what, if any, issues may exist supporting a motion to suppress. It effectively makes the defendant defend himself with a blindfold on.

27. Although the defense cannot currently determine the existence or strength of any issues related to the validity of the search warrant application, there is at least one potential issue that may impact arguments related to the search warrant application, discussed in the Supplemental Declaration.

C. Motion for Leave to File Further Motions Regarding 172 Kenview

28. As discussed above, the defense is not currently in a position to file suppression motions related to 172 Kenview. If this Court grants the motions, above, for disclosure of Rule 12 Notice identifying what, if any, evidence the government intends to use from 172 Kenview, and disclosure of the search warrant application, the defense will be able to determine whether motions are necessary and/or appropriate under the circumstances here.

29. Thus, at this time, the defense merely requests leave to file a motion to suppress in conjunction with the relief requested in the other motions related to Kenveiw 172, made above.

III. MOTION FOR DISCLOSURE OF GRAND JURY MINUTES

30. Mr. Washington moves for a disclosure of the Grand Jury Recordings including all transcripts, pursuant to Federal Rules of Criminal Procedure, Rule 6(e)(3)(E)(ii) because a ground or grounds may exist to dismiss the indictment.

31. Rule 6(e)(3)(E)(ii) permits disclosure of the recorded grand jury minutes and transcriptions at the request of a defendant who shows that a ground may exist for a motion to dismiss an indictment. In requesting review, the defendant must show a particularized need for disclosure that outweighs the Governments interest in secrecy. *See United States v. Alexander*, 860 F.2d 508 (2d. Cir. 1988); *United States v. Moten*, 582 F.2d 654 (2d Cir. 1978).

32. Limited review of the grand jury minutes has resulted in questions regarding some of the surrounding circumstances related to a particular witness, and supports that a ground may exist for a motion to dismiss the indictment. The details are discussed in the Supplemental Declaration.

33. It is requested that the Court order the release of the grand jury recordings in this matter, and provide leave to file a motion to dismiss, if appropriate.

## IV.   NON-DISPOSITIVE MOTIONS

34. Mr. Washington moves for the following non-dispositive and/or miscellaneous motions.

### A. Discovery

35. As discussed in the Background, above, the government has provided disclosure of some discoverable material. The defense requests that the Government

provide any outstanding items of discovery, including any item covered in the categorial items of disclosure, including the following:

*Defendant's Oral Statements*

36. The defendant requests the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. See Fed. R. Crim. P. 16(a)(1)(A)

*Defendant's Written or Recorded Statement*

37. The defendant requests (1) any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control and the government knows—or through due diligence could know—that the statement exists; and (2) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. *See* Fed. R. Crim. P. 16(a)(1)(B)

*Defendant's Prior Record*

38. The defendant requests a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows—or through due diligence could know—that the record exists. *See* Fed. R. Crim. P. 16(a)(1)(D)

*Documents and Objects*

39.     The defendant requests books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.  *See* Fed. R. Crim. P. 16(a)(1)(E)

*Reports of Examinations and Tests*

40.     The defendant requests the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.  *See* Fed. R. Crim. P. 16(a)(1)(F)

*Expert Witnesses*

41.     The defendant requests a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. *See* Fed. R. Crim. P. 16(a)(1)(G)

B. PRESERVATION OF ROUGH NOTES

42. The defense moves for an order of this Court requiring all government agents and officers who participated in the investigation of the defendant to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of the notes are incorporated in official records. This motion is made so that the trial court can determine whether disclosure of the notes is required under *Brady*, *Giglio*, the *Jencks* Act (18 U.S.C. § 3500), Fed. R. Crim. P. 26.2, and the U.S. Constitution.

C. IDENTIFICATION OF WITNESSES

43. The defense moves for disclosure of identifying information regarding any individual who is a percipient informant witnesses with respect to the conspiracy count, including identifying information concerning confidential sources who become percipient witnesses. The leading case on disclosure of confidential informant information has been *Roviaro v. United States*, 353 U.S. 53 (1957). This case is the starting point for any discussion concerning disclosure of confidential informant information.

44. In *Roviaro*, the defendant had filed a motion for bill of particulars requesting the name, address and occupation of "John Doe," a witness to the drug transactions charged against the defendant. The government objected on the ground that John Doe was an informer and that his identity was privileged. The motion was denied, the case tried and appealed, and the Supreme Court found prejudicial error. *Roviaro*, 353 U.S. at 65.

45. The Supreme Court acknowledged the existence of the informer's privilege, "in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro*, 353 U.S. at 59. The court explained that "[t]he privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*.

46. The Supreme Court also made clear, however, that the privilege is a limited one, and identified three situations where the privilege was inapplicable: first, "where the disclosure of a communication will not tend to reveal the identity of an informer"; second, where "the identity of the informer has been disclosed to those who would have cause to resent the communication"; and, third, "[w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60.

47. In these situations, the trial court must order disclosure of the informant's name and address and, if the government withholds the information, dismiss the action. *Roviaro*, 353 U.S. at 61; 65, fn. 15. In *Roviaro*, the government did not even defend the non-disclosure of the informant's identity with respect to count one, which charged a sale of heroin to the informant. *Roviaro*, 353 U.S. at 58. As to count two, charging possession of heroin, the government did defend, but the Supreme Court held that disclosure was

12

required because the testimony of the informant, who was a material eyewitness, "was highly relevant and might have been helpful to the defense." *Roviaro*, 353 U.S. at 63.

48. Following *Roviaro* the courts interpreting the decision have fleshed out the defendant's right to disclosure of the identity of an informant.

49. First, the *Roviaro* court had indicated that the right to disclosure was grounded in "the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. Later cases emphasize the constitutional underpinning of the right to disclosure. Thus, in Gaines v. Hess, 662 F.2d 1364 (10th Cir. 1984), the Tenth Circuit applied *Roviaro* to a state conviction. Noting that *Roviaro* itself had cited "fundamental requirements of fairness" as a reason for limiting the informer's privilege, the Tenth Circuit held that "withholding the identity of an informant who may be critical to the conduct of the defense infringes the defendant's constitutional right to a fair trial, which includes the right to adequately prepare and present that defense." *Gaines*, 662 F.2d at 1368. *See Ordonez*, 737 F.2d at 809 ("If the district court believed that disclosure would have been 'highly relevant and might have been helpful to the defense' of appellants, it was error of constitutional dimension to deny disclosure solely because of the potential danger to the informer"); United States v. Price, 783 F.2d 1132, 1139 (4th Cir. 1985) ("the district court's refusal to compel disclosure of the informant's identity denied Price a fair trial").

50. Second, post-*Roviaro* cases have consistently required disclosure of an informant's identity where the person is an eyewitness to the charged crime. "The

13

defendant is generally able to establish a right to disclosure 'where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence.'" *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988). "[W]here the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *United States v. Barnes*, 486 F.2d 776, 778-779 (8th Cir. 1973). "[W]here the informant is an actual participant, and thus a witness to material and relevant events, fundamental fairness dictates that the accused have access to him as a potential witness." Price, 783 F.2d at 1139. *See Amador-Galvan*, 9 F.3d at 1417 ("[I]f they were percipient witnesses, these witnesses could provide eyewitness testimony; if not, they might still be able to provide information which might lead to a firsthand source or circumstantial evidence. Any such evidence would clearly be 'relevant and helpful' to preparing Amador-Galvan's defense").

51. Third, disclosure cannot be denied on the basis of the government's statement that the witness does not wish to be interviewed by the defendants. "[H]aving the prosecution pass along to an informant a request by defendants that they be allowed to interview him is no substitute for permitting defense counsel to ask the informant themselves." *Saa*, 859 F.2d at 1074.

52. Fourth, defense counsel must be allowed to discuss the identity of the witness with the defendant. "[A]n attorney's duty to provide an adequate defense for his

14

client would ordinarily require that the attorney share this information with his client." *United States v. Herrero*, 893 F.2d 1512, 1526 (7th Cir. 1990).

53. The burden upon Mr. Washington is one of a "minimal threshold showing." *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989).

54. As set forth above, *Roviaro* requires disclosure of an informant's identity where the person is an eyewitness to the charged crime. It appears that that may be the case here.

55. Based on the circumstances of this case, the defense requires the disclosure of witnesses to prepare a defense, which provides for the minimal threshold showing.

### D. JENCKS MATERIAL

56. The defendant moves for disclosure of witnesses' statements pursuant to 18 U.S.C. § 3500 ("Jencks Act"), *Jencks v. United States*, 353 U.S. 657, and Rule 26.2 of the Federal Rules of Criminal Procedure. The defense moves for an order requiring production of Jencks Act materials, namely all statements and reports in the possession of the United States which were made by government witnesses or prospective government witnesses and which relate to the subject matter about which those witnesses may testify.

57. The defense seeks production of the statements prior to trial for the purposes of judicial economy, to expedite discovery and the trial of this case, and to avoid potential problems on the issue of whether all material has been tendered pursuant to

15

*Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Early disclosure of Jencks material obviates trial interruptions and permits defense counsel to study the disclosures. *See United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979).

58. The defense request that all Jencks Act material which the government is obligated to disclose pursuant to 18 U.S.C. § 3500, *Jencks v. United States*, 353 U.S. 657 be produced as soon as possible, but at least sixty days before the scheduled trial, so that the defendant may have a full, fair and adequate opportunity to consider the same in preparing for his cross-examination.

E. PRECLUSION OF STATEMENTS OFFERED PURSUANT TO FED. R. EVID. 801(D)(2)(E)

59. At trial, the government may seek to admit statements of individuals with the position that the statements are not hearsay because they were made by the party's co-conspirator during and in furtherance of the conspiracy.

60. "To admit hearsay testimony under Rule 801(d)(2)(E) of the Federal Rules of Evidence, the district court 'must find (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy.' These are preliminary facts for the district court to determine under a 'preponderance of the evidence' standard." *U.S. v. Alameh*, 341 F.3d 167, 176 (2d Cir. 2003)(Internal citations omitted)

61. Here, the defendant disputes that he was a party to a conspiracy charged in the indictment, and as such he challenges the second factor listed in the previous paragraph. The defendant maintains that he did not enter into a conspiratorial agreement as described in count one of the superseding indictment and Federal Rule of Evidence 801(d)(2)(E) should not be applied.

62. "[A] court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

63. A pre-trial evidentiary hearing, sometimes referred to as a "James Hearing" in reference to *United States v. James*, 590 F. 2d 575, 579 (5th Cir. 1979), can be held to address the issue of whether evidence of a statement would be admissible under Rule 801(d)(2)(E). This type of evidentiary hearing would not be typically ordered in this Circuit. However, the defense requests that such a hearing be ordered in this case, because this case presents two separate conspiracies, and it is essential that those conspiracies be delineated prior to trial.

64. If the Government opposes a *James* Hearing where actual testimony may be taken, it would be requested that a compromise be struck consistent with an approach set forth in *United States v. Cox*, 923 F.2d 519 (7th Cir. 1991) (the "preferable procedure would be to at least require the government to preview the evidence which it believes

17

brings the statements within the coconspirator rule before delving into the evidence at trial").

65.    It is requested that if the government intends to offer statements under Federal Rule of Evidence 801(d)(2)(E), and the Court order a pre-trial hearing to resolve the issue of fact related to whether the defendant is a part of the conspiracy at the time of any alleged statement.

### F. PRETRIAL NOTICES PURSUANT TO FED. R. EVID. 404, 608 & 609

66.    The defense seeks pretrial notices pursuant to the Federal Rules of Evidence, Rules 404(b), 608, and 609.

*Rule 404(b)*

67.    The defense respectfully requests that pursuant to Fed. R. Evid. 404(b)(3), the government notify the defendant of "evidence of other crimes, wrongs, or acts" or transactions involving the defendant which are outside the scope of the indictment and which the government will seek to introduce to demonstrate "motive, or absence of mistake or accident." See Fed. R. Evid. 404(b)

68.    The defense requests notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests.  By so notifying the defense in advance of trial, the defendant can file appropriate motion(s) *in limine* prior to trial and

afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution.

*Rule 608 & 609*

69. The defense also requests, pursuant to Fed. R. Evid. 608 and 609, pretrial disclosure of any and all evidence the government intends to use to impeach the defendant's credibility if he should choose to testify. In the event the government intends to use such evidence, the defendant requests a pretrial hearing to determine the admissibility of such evidence.

70. In the event the government intends to use specific instances of misconduct against the defendant if he testifies, it is requested that such instances be disclosed prior to trial. *See* Fed. R. Evid. 608.

71. In the event the government intends to use evidence of prior criminal convictions against the defendant if he testifies, it is requested that such intent be disclosed prior to trial. See Fed. R. Evid. 609.

## V.  LEAVE TO FILE REPLY BRIEFS AND FURTHER MOTIONS

72. The defense has attempted to encompass within this submission all possible pretrial requests for relief. As additional disclosure becomes available, it is respectfully requested that this court grant leave to apply for such other and further relief in the future

as may be deemed justified, including those items in which leave was specifically requested above.

73. In regard to the motions raised herein, this Court has already designated a date to file reply brief, and the defense intends to do so.

74. The defense requests oral argument related to all motions and issues contained herein and seeks evidentiary hearings on any unresolved issues of fact.

75. The defense respectfully requested that this Court grant the relief requested herein and such other relief as it deems just and proper.

Dated: July 17, 2024

s/ Mark A. Foti  
Mark A. Foti, Esq.